62 F.3d 1430
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lino Z. CARPIO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3475.
 United States Court of Appeals, Federal Circuit.
 June 28, 1995.
 
 SUA SPONTE
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision holding that Lino Z. Carpio was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. There has been no response. Luz S. Carpio, Mr. Carpio's widow, moves to substitute Rizalino S. Cayle for Mr. Carpio. OPM has not responded.
 
 
 2
 Mr. Carpio was employed from 1954 until 1987 by the Department of the Navy in Subic Bay, the Philippines. In 1987, Mr. Carpio retired from service. In 1993, he applied for retirement benefits under the CSRA. OPM denied Mr. Carpio's application, and he appealed OPM's denial to the Board. The Board affirmed the denial, and Mr. Carpio petitioned this court for review. While the petition was pending, the court received information that Mr. Carpio died. Now Mr. Carpio's personal representative before the Board, a non-attorney, seeks to be substituted.
 
 
 3
 Rizalino S. Cayle, a non-attorney, may not represent Mr. Carpio's estate. While a party may represent himself of herself pro se, entities must be represented by counsel.* 28 U.S.C. Sec. 1654, Fed.Cir.R. 47.3(a).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Mr. Carpio's petition for review is dismissed sua sponte. The dismissal is without prejudice to reinstatement should counsel enter an appearance on behalf of the estate.
 
 
 6
 (2) OPM's motion for summary affirmance is denied.
 
 
 
 *
 In any event, if we were to reach the merits of Mr. Carpio's case, we would agree with OPM that the Board's decision that Carpio was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995)
 The Administrative Judge (AJ) determined that Carpio served his entire career under a series of "temporary" and "indefinite" appointments that were specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(12) and (a)(13). The AJ thus concluded that while Carpio had completed at least five years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g).
 First, we note that 5 U.S.C. Sec. 8347(g) specifically excludes "temporary" appointments from qualifying as covered service. Second, this court recently addressed whether indefinite appointments qualify as covered service in Rosete. The exclusion of indefinite appointments is contained in OPM's regulation that interprets Sec. 8347(g). See 5 C.F.R. Sec. 831.201(a)(13). We held that it was proper to defer to OPM's interpretation of Sec. 8347(g) as excluding indefinite appointments because that interpretation was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that an indefinite appointment in the excepted service did not constitute covered service within the meaning of the CSRA. Id. at 520. Thus, Rosete is dispositive of Mr. Carpio's appeal. See Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994) (summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists").